# United States Court of Appeals for the Fifth Circuit

—————————

No. 24-60286
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2024

Lyle W. Cayce
Clerk

Alonzo Ixtos-Sac,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

—————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 224 474

—————————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Alonzo Ixtos-Sac, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of the immigration judge denying his application for cancellation of removal under 8 U.S.C. § 1229b(b). Ixtos maintains the BIA erred in determining he did not establish eligibility for such cancellation

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

because he did not show his qualifying relatives would experience the requisite hardship in the event of his removal.

Ixtos must show, *inter alia*, that his removal from the United States "would result in exceptional and extremely unusual hardship to" a qualifying relative, including a United States citizen child. 8 U.S.C. § 1229b(b)(1)(D). Whether an established set of facts satisfies the "exceptional and extremely unusual hardship" standard is a mixed question of fact and law that is a reviewable legal question under 8 U.S.C. § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 217, 225 (2024). *Wilkinson* noted that review of this question was "deferential", but did not specify a standard of review. *Id.* at 225.

Although the parties advocate for application of the substantial-evidence standard, we need not decide what standard applies here, as Ixtos could not succeed under a general deferential view. *Id.* He primarily bases his claim of hardship to his qualifying relatives (his three minor children) on the economic detriment and emotional harm that would result from his removal, and his child's minor health issues.

It has long been settled, however, "that economic detriment alone is insufficient to support even a finding of extreme hardship". *Matter of Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (BIA 2002). Moreover, like petitioner in *Parada-Orellana v. Garland*, Ixtos has not shown his child would be unable to get medication for his minor health issues (recurrent nosebleeds) in Ixtos' absence, as his wife will remain in the United States with the children. 21 F.4th 887, 895 (5th Cir. 2022) (petitioner did not show that qualifying relative would be unable to get asthma medication). Finally, Ixtos "has not shown that any emotional hardship that [his family] would face would be 'substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members

No. 24-60286

here'". *Id.* (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)).

DENIED.